1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GREEN EVANS-SCHROEDER, PLLC**
130 West Cushing Street
Tucson, Arizona 85701
Tel.: (520) 639-7288
Fax: (520) 882-8843

Matthew H. Green (AZ Bar No. 020827)
Email: matt@arizonaimmigration.net

Jesse Evans-Schroeder (AZ Bar No. 027434)
Email: jesse@arizonaimmigration.net

Ami Hutchinson (AZ Bar No. 039150)
Email: ami@arizonaimmigration.net

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| Arizona Student DOE #3 – 13, | Case No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Donald J. Trump, in his official capacity, President of the United States of America; | |
| John Cantu, in his official capacity as ICE Enforcement and Removal Operations Phoenix Field Office Director; | Request for Declaratory and Injunctive Relief |
| Todd M. Lyons, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; and | |
| Kristi Noem, in her official capacity, Secretary, U.S. Department of Homeland Security, | |
| Defendants. | |

*Complaint for Declaratory and Injunctive Relief*

# INTRODUCTION

1.     Plaintiffs are students in lawful F-1 status who are pursuing an undergraduate or graduate degree. They are eleven of hundreds, if not more, F-1 students nationwide whose SEVIS record has been abruptly and unlawfully terminated by the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE) in the past two weeks, in an attempt to strip them of their ability to lawfully remain in the United States. On information and belief, this policy appears to be primarily targeting African, Arab, Middle Eastern, Muslim, and Asian students.

2.     The Student and Exchange Visitor Information Systems (SEVIS) is a government database that tracks international students' compliance with their F-1 status. ICE, through the Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. Between approximately March 25, 2025, and April 10, 2025, SEVP terminated Plaintiffs' SEVIS records and marked Plaintiffs as "Otherwise failing to maintain status – Individual identified in criminal records check and/or has had their visa revoked."

3.     Many of the hundreds of students who have had their SEVIS record terminated have been notified by the U.S. Department of State (DOS) that their visa has been revoked.[1] Plaintiffs were notified between approximately March 25, 2205, and April 8, 2025, that their visas were revoked. In practical terms, however, whether Plaintiffs' visas

---

[1]     *See* Binkley, Collin, Annie Ma, and Makiya Seminera, *Federal officials are quietly terminating the legal residency of some international college students,* Associated Press, April 4, 2025, https://apnews.com/article/college-international-student-f1-visa-ice-trump-7a1d186c06a5fdb2f64506dcf208105a.

*Complaint for Declaratory and Injunctive Relief*         2

have been revoked makes little difference here.

4.      ICE takes the position that the termination of a SEVIS record effectively ends F-1 student status. Even when a visa is revoked, however, ICE is not authorized to terminate Plaintiff's student status. The grounds cited by ICE in the SEVIS terminations do not provide legal authority to terminate Plaintiffs' SEVIS record. An F-1 visa only controls a student's ability to enter the country, not their continued lawful presence once admitted. Plaintiffs have been in full compliance with the terms of their F-1 status and have not engaged in any conduct that would warrant termination of their status.

5.      Rather, ICE's policy of unlawfully terminating SEVIS records—whether in conjunction with F-1 visa revocations or not—appears to be designed to coerce students, including Plaintiffs, into abandoning their studies or post-graduate employment and "self-deporting" despite not violating their status. For example, on March 5, 2025, DOS informed a graduate student at Columbia University, Ranjani Srinivasan, that her F-1 student visa had been cancelled, with her SEVIS subsequently terminated.[2] On March 14, 2025, Secretary of Homeland Security Kristi Noem issued a post on X, accompanied by a video of Ranjani Srinivasan: "I'm glad to see one of the Columbia University terrorist sympathizers use the CBP Home app to self deport."[3]

6.      Other students who have had their F-1 visa revoked and/or SEVIS record

---

[2]      Luis Ferre-Sadurni & Hamed Aleaziz, *How a Columbia Student Fled to Canada After ICE Came Looking for Her*, N.Y. Times (Mar. 15, 2025), https://www.nytimes.com/2025/03/15/nyregion/columbia-student-kristinoem-video.html.
[3]      Kristi Noem, *X* (Mar. 14, 2025, 11:01 a.m.), https://x.com/Sec_Noem/status/1900562928849326488.

*Complaint for Declaratory and Injunctive Relief*                                                    3

terminated have been arrested and detained, sometimes before even learning their visa had been revoked at all. On information and belief, there is a policy and practice of transferring these individuals to the South—in particular, Louisiana—once detained. There have been several high-profile cases of immigration arrests in New York, Washington D.C., and Boston, in which the government quickly moved the detainee across state lines to detention facilities in Louisiana and Texas.[4] On information and belief, there are several additional cases of students who have been arrested since their visas were revoked who were initially detained near where they lived, then moved to the South the day before or day of their bond hearing in immigration court.

7.    If ICE believes a student is deportable for having a revoked visa or any other reason, it has the authority to initiate removal proceedings and make its case in court. It cannot, however, misuse SEVIS to circumvent the law, force students out of status, and drive them out of the country without process. It similarly cannot engage in retaliatory arrests and transfers to further intimidate students into abandoning their studies and fleeing the country to avoid arrest.

---

[4]    *See, e.g.*, McKinnon de Kuyper, *Mahmoud Khalil's Lawyers Release Video of His Arrest*, N.Y. Times (Mar. 15, 2025), https://www.nytimes.com/video/us/politics/100000010054472/mahmoud-khalils-arrest.html (Mahmoud Khalil, arrested in New York and transferred to Louisiana); "What we know about the Tufts University PhD student detained by federal agents," CNN (Mar. 28, 2025), https://www.cnn.com/2025/03/27/us/rumeysa-ozturk-detained-what-we-know/index.html (Rumeysa Ozturk, arrested in Boston and transferred to Louisiana); Kyle Cheney & Josh Gerstein, *Trump is seeking to deport another academic who is legally in the country, lawsuit says*, Politico (Mar. 19, 2025), https://www.politico.com/news/2025/03/19/trump-deportationgeorgetown-graduate-student-00239754 (Badar Khan Suri, arrested in Arlington, Virginia and transferred to Texas).

8.    Over the past two weeks, visa revocations and SEVIS terminations have shaken campuses across the country, including Arizona.[5] The racially targeted SEVIS terminations have taken place against the backdrop of numerous demands being made of universities by the federal government and threats of cutting off billions of dollars in federal funding. They have created chaos as schools have attempted to understand what is happening and do their best to inform and advise students who are justifiably frightened about being arrested and shipped to an immigration jail far away from their communities.

9.    Plaintiffs do not challenge the revocation of their visas in this action. Rather, Plaintiffs bring this action under the Administrative Procedure Act (APA) and the Declaratory Judgment Act to challenge ICE's illegal termination of their SEVIS records.

## JURISDICTION

10.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b). An actual and justiciable controversy exists between the parties under 28 U.S.C. § 2201, and this Court has authority to grant declaratory and injunctive relief. *Id.* §§ 2201, 2202. The Court also has authority under the APA, 5 U.S.C. §§ 701–06.

---

[5]    *See* Helen Rummel, *At least 50 ASU students have visas revoked by Trump administration, campus group says,* Arizona Republic, April 8, 2025, https://www.azcentral.com/story/news/local/arizona-education/2025/04/08/asu-students-international-visas-revoked-trump-admin/82983102007/; *see also* Prerana Sannappanavar, *'Handful' of U of A students had visas revoked, faculty chair has heard*, Arizona Daily Star, April 13, 2025, https://tucson.com/news/local/subscriber/article_cab92bd5-05bb-48be-9c34-08abca495f51.html.

11.    Plaintiffs do not challenge an underlying order of removal or actions committed to unreviewable agency discretion. Plaintiffs are challenging Defendants' unlawful termination of their SEVIS and seek to prevent their unlawful arrest as a result of that termination. Plaintiffs are not able to obtain review of their SEVIS revocation before an Immigration Judge. No other forum exists to address these claims.

12.    Applying any statutory provision to curb jurisdiction in this case therefore would deprive Plaintiffs of any effective judicial review of their claims and a "serious constitutional question . . . would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster v. Doe,* 486 U.S. 592, 603 (1988).

## VENUE

13.    Venue is properly before this Court pursuant to 28 U.S.C. § 1391(e) because the Defendants are employees or officers of the United States, acting in their official capacity; because a substantial part of the events or omissions giving rise to the claim occurred in the District of Arizona, Tucson Division; because Plaintiffs fall within the jurisdiction of the ICE Phoenix Field Office[6], which is in the jurisdiction of the District of Arizona; and because Plaintiffs reside in the District of Arizona, and there is no real property involved in this action.

## PARTIES

---

[6]    The ICE Phoenix Field Office's "area of responsibility" encompasses all of Arizona. *See https://www.ice.gov/field-office/phoenix-field-office.*

*Complaint for Declaratory and Injunctive Relief*                                              6

14.    Plaintiff Arizona Student DOE # 3 (DOE # 3) is an international student currently pursuing a doctoral degree and resides in Pima County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.[7]

15.    Plaintiff Arizona Student DOE # 4 (DOE # 4) is an international student currently pursuing a bachelor's degree and resides in Pima County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

16.    Plaintiff Arizona Student DOE # 5 (DOE # 5) is an international student currently pursuing a master's degree and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

17.    Plaintiff Arizona Student DOE # 6 (DOE # 6) is an international student currently pursuing a bachelor's degree and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

---

[7]    All Plaintiffs will separately file a motion to proceed pseudonymously.

*Complaint for Declaratory and Injunctive Relief*                    7

18.   Plaintiff Arizona Student DOE # 7 (DOE # 7) is an international student currently pursuing post-graduate employment through Optional Practical Training (OPT) and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

19.   Plaintiff Arizona Student DOE # 8 (DOE # 8) is an international student currently pursuing a bachelor's degree and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

20.   Plaintiff Arizona Student DOE # 9 (DOE # 9) is an international student currently pursuing a bachelor's degree and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

21.   Plaintiff Arizona Student DOE # 10 (DOE # 10) is an international student currently pursuing a bachelor's degree and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

22.   Plaintiff Arizona Student DOE # 11 (DOE # 11) is an international student currently pursuing master's degree and resides in Maricopa County, Arizona. Plaintiff

seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

23.    Plaintiff Arizona Student DOE # 12 (DOE # 12) is an international student currently pursuing a master's degree and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

24.    Plaintiff Arizona Student DOE # 13 (DOE # 13) is an international student currently pursuing a master's degree and resides in Maricopa County, Arizona. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

25.    Defendant DONALD J. TRUMP is named in his official capacity as the President of the United States of America. In this capacity, he is responsible for the policies and actions of the executive branch, including the U.S. Department of State and U.S. Department of Homeland Security.

26.    Defendant JOHN CANTU is the Field Office Director of ICE, in Phoenix, Arizona, and is named in his official capacity. ICE is the component of the DHS that is responsible for detaining and removing noncitizens according to immigration law and oversees custody determinations. In his official capacity, he is responsible for the enforcement of the immigration laws in Arizona, including against Plaintiffs. ICE is

responsible for the termination of Plaintiffs' SEVIS record.

27.    Defendant TODD M. LYONS is the Acting Director of ICE and is named in his official capacity. Among other things, ICE is responsible for the administration and enforcement of the immigration laws, including the removal of noncitizens.

28.    Defendant KRISTI NOEM is the Secretary of the DHS and is named in her official capacity. DHS is the federal agency encompassing ICE, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration of noncitizens. In her capacity as Secretary, Defendant Noem has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); *see also* 8 U.S.C. § 1103(a).

## LEGAL BACKGROUND

29.    A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C.§ 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (annotated as D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

30.    SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their

compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations.[8] Termination can only be based on a student's failure to maintain status.[9]

31.  DHS regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

32.  The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements—for example, by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

33.  With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence

---

[8]     *See SEVIS Termination Reasons*, DHS Study in the States, (last visited Apr. 6, 2025), https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons.
[9]     *See id.*

is in fact imposed) constitutes a failure to maintain status . . ..." Minor misdemeanor offenses do not meet this threshold for termination based on criminal history. The Supreme Court of the United States has held that a crime of violence "means 'an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *See, e.g.*, *Borden v. United States*, 593 U.S. 420, 427 (2021).

34.    The second category, termination of status by ICE, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits ICE to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) ICE publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. ICE cannot otherwise unilaterally terminate nonimmigrant status.[10]

35.    Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a visa is revoked prior to the student's arrival to the United States, then a student may not enter the country, and the SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of a visa revocation *after* a student has been admitted into the United States, because the student is permitted to continue the authorized course of study.[11]

---

[10]    *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

[11]    ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

*Complaint for Declaratory and Injunctive Relief*                    12

36.    ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[12] Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[13]

37.    While a visa revocation *can* be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.[14] The immigration judge may dismiss removal proceedings even where a visa is revoked, so long as a student is able to remain in valid status.[15] Only when a final removal order is entered would status be lost. *See* 8 U.S.C. § 1252(a)(1) (General Orders of Removal); 8 C.F.R. § 1241.1 (Final Order of Removal).

38.    A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter. *See* 8 C.F.R. § 214.1(d) (establishing the three limited circumstances under which DHS can terminate status).

39.    The immigration courts have no ability to review the SEVIS termination here

---

[12]    *Id.*

[13]    Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

[14]    *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation).

[15]    8 C.F.R. § 1003.18(d)(ii)(B).

*Complaint for Declaratory and Injunctive Relief*                                    13

because the process is collateral to removal.[16] The termination of a SEVIS record constitutes final agency action for purposes of APA review.[17]

**FACTUAL ALLEGATIONS**

40.    DOE # 3 is currently pursuing a doctoral degree, which is authorized through their F-1 student status, in Pima County, Arizona. They are from a country in the Middle East and are scheduled to earn their doctoral degree and graduate from an Arizona college or university next month. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2019 for a master's program. After completing that program, they arrived in Arizona in 2021 to begin pursuing their doctoral degree at a college or university located in the District of Arizona. Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 10, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Other - Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated.  Accordingly, and upon information and belief, the school itself did not

---

[16]      *See Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1007 (9th Cir. 2024); *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).
[17]      *See Fang*, 935 F.3d at 185.

terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record. Plaintiff was never informed that their student visa was revoked, likely because it expired in 2021. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in Pima County, Arizona, they were never convicted because the prosecutor dismissed charge. The dismissed misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Through their F-1 student status, Plaintiff has been authorized for employment through their school, and they lawfully maintained on-campus employment since their first semester of study in 2021. Since Defendants terminated Plaintiff's SEVIS record, their on-campus employment has been terminated, and their entire livelihood is in jeopardy. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them, whether the money and effort put into over a decade of higher education will be fruitless, and they fear the effect incarceration or deportation would have on their future.

41.    DOE # 4 is currently pursuing a bachelor's degree, which is authorized through their F-1 student status, in Pima County, Arizona. They are from a country in Asia and are scheduled to complete their semester in one month. They anticipate graduating from an Arizona college in 2026. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2022; in 2023 they transferred to Arizona to continue pursuing their bachelor's degree at a college or university located in the District of Arizona. Since that time, Plaintiff has complied with

*Complaint for Declaratory and Injunctive Relief*                                    15

all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 10, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Other – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated. Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record. Plaintiff was never informed that their student visa was revoked. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in another U.S. State, they were never convicted because the prosecutor either never filed or dismissed the charge. The dismissed misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. Plaintiff fears being arrested and detained by Defendants. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their U.S. education or their future.

42.    DOE # 5 is currently pursuing a master's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in South Asia and are scheduled to complete their semester in one month. They anticipate they

will earn their master's degree and graduate from an Arizona college in or about 2027. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in early 2024 when they arrived in Arizona to begin pursuing their master's degree at a college or university located in the District of Arizona. Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 3, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Otherwise failing to maintain status – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated.  Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record.  Plaintiff was informed on the same date that their F-1 visa was revoked. This notification came from the consulate in Plaintiff's home country. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in Maricopa County, Arizona, they were never convicted because the prosecutor moved to dismiss the charge, and the court did dismiss it. The dismissed misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels

*Complaint for Declaratory and Injunctive Relief*                                              17

of stress and anxiety. Plaintiff fears being arrested and detained by Defendants. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their U.S. education or their future.

43.    DOE # 6 is currently pursuing a bachelor's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in South Asia and are scheduled to complete their semester in one month. They anticipate earning their bachelor's degree and graduating from an Arizona college or university in 2026. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2022 when they arrived in Arizona to begin pursuing their bachelor's degree at a college or university located in the District of Arizona.  Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 3, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated.  Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record. Plaintiff was informed on April 4, 2025, that their F-1 visa was revoked. This notification

came from the consulate in Plaintiff's home country. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in Maricopa County, Arizona, they were never convicted because the prosecutor moved to dismiss the charge, and the court did dismiss it. The dismissed misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Through their F-1 student status, Plaintiff has been authorized for employment through their school, and they lawfully maintained on-campus employment since 2023.   Since Defendants terminated Plaintiff's SEVIS record, their on-campus employment has been terminated, and their ability to continue working and earning a living is in jeopardy. Plaintiff fears being arrested and detained by Defendants. Plaintiff is uncertain as to whether Defendants might further retaliate against and punish them for continuing to study after their SEVIS record was terminated. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their future.

44.   DOE # 7 received a bachelor's and master's degree from an Arizona college or university. They are currently employed through Optional Practical Training (OPT) which is authorized through their F-1 student record, in Maricopa County, Arizona. They are from a country in Asia and are scheduled to complete their OPT in two months. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in approximately 2016 when they arrived in Arizona to begin pursuing their bachelor's degree. Plaintiff obtained this degree at a college or

university located in the District of Arizona in 2019. Plaintiff returned to the United States in 2022 to begin their master's degree at a college or university located in the District of Arizona. Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 7, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Otherwise failing to maintain status – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated. Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record. Plaintiff was informed on April 9, 2025 that their F-1 visa was revoked. This notification came from the consulate in Plaintiff's home country. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in Maricopa County, Arizona. They were convicted and received a sentence of fines and fees. The conviction was later set aside. This misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Through their F-1 student status, Plaintiff has been authorized for employment through OPT and has lawfully maintained employment since June of 2024. Since Defendants terminated Plaintiff's SEVIS record, their OPT employment has been

disrupted, and their ability to continue working and earning a living is in jeopardy. Plaintiff had a conversation with their supervisor, who advised Plaintiff that their employment may be terminated as soon as April 25, 2025 due to the SEVIS termination. The employer has allowed Plaintiff to use paid leave up until that date. Plaintiff fears being arrested and detained by Defendants. Plaintiff is uncertain as to whether Defendants might further retaliate against and punish them for continuing to work after their SEVIS record was terminated, if that was allowed. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their future.

45.    DOE # 8 is currently pursuing a bachelor's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in South Asia and are scheduled to earn their bachelor's degree and graduate from an Arizona college or university next month. Plaintiff is also authorized to begin their Optional Practical Training (OPT), through their F-1 visa, in less than two months. Plaintiff has an offer of employment for this OPT employment. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2021, when they arrived in Arizona to begin pursuing their bachelor's degree at a college or university located in the District of Arizona.  Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 3, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to

the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Otherwise failing to maintain status – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated. Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record.  Plaintiff was informed on April 4, 2025, that their F-1 visa was revoked. This notification came from the embassy in Plaintiff's home country. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in Maricopa County, Arizona, they were never convicted because the prosecutor moved to dismiss the charge, and the court did dismiss it. The dismissed misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Through their F-1 student status, Plaintiff has been authorized for employment through their school, and they have lawfully maintained both on- and off-campus employment since 2021.  They have accepted an OPT position set to begin in two months. Since Defendants terminated Plaintiff's SEVIS record, their on-campus employment has been terminated, their current off-campus through Curricular Practice Training (CPT) is in jeopardy, and their upcoming OPT employment is also at risk of termination. This puts their ability to continue working and earning a living in jeopardy. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to

*Complaint for Declaratory and Injunctive Relief*                                     22

them, and they fear the effect incarceration or deportation would have on their future.

46.    DOE # 9 is currently pursuing a bachelor's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in the Middle East and are scheduled to earn their bachelor's degree and graduate from an Arizona college or university in 2027. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2023 when they arrived in Arizona to begin pursuing their bachelor's degree at a college or university located in the District of Arizona.  Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about March 25, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "OTHER – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated.  Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record.  On or about March 26, 2025, Plaintiff was informed that their student visa was revoked. Plaintiff's only criminal history is a minor misdemeanor arrest. They were convicted and received a sentence to a fine. This misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Since the cancellation of the SEVIS

*Complaint for Declaratory and Injunctive Relief*                                                          23

record, Plaintiff has received communications from his country that his scholarship to continue his studies is at risk of immediate cancellation, and that he may be liable for any scholarship money received to date. Plaintiff fears being arrested and detained by Defendants. Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their future.

47.    DOE # 10 is currently pursuing a bachelor's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in South Asia and are scheduled to earn their bachelor's degree and graduate from an Arizona college or university in 2026. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2022 when they arrived in Arizona to begin pursuing their bachelor's degree at a college or university located in the District of Arizona.  Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 3, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Otherwise failing to maintain status – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated. Accordingly, and upon information and belief, the school itself did not terminate

Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record.  Plaintiff was informed by email, from their embassy, that their visa was revoked on April 4, 2025. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in Pima County, Arizona, they were never convicted because the prosecutor dismissed charge. The dismissed misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Plaintiff fears being arrested and detained by Defendants. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to their education or their future.

48.    DOE # 11 is currently pursuing a master's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in South Asia and are scheduled to earn their master's degree and graduate from an Arizona college or university next year. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in or around 2016 and was awarded a bachelor's degree in 2020. They arrived in Arizona in 2024 to begin pursuing their master's degree at a college or university located in the District of Arizona.  Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 3, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was

advised that the reason listed for their SEVIS record termination was "OTHER – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated.  Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record.  On the same date, Plaintiff was informed by their embassy that their visa was revoked. Plaintiff's only criminal history is a minor misdemeanor arrest. Plaintiff was charged many years ago with the misdemeanor in a court of limited jurisdiction in Maricopa County, Arizona, and pled guilty to a single misdemeanor.  The single misdemeanor does not render Plaintiff inadmissible to or deportable from the United States. Indeed, the misdemeanor preceded Plaintiff's application for the F-1 visa to pursue their master's degree. Through their F-1 student status, Plaintiff has been authorized for employment through their school, and they lawfully maintained on-campus employment since their first semester of study in 2024. Since Defendants terminated Plaintiff's SEVIS record, their on-campus employment has terminated, and their ability to continue working and earning a living is in jeopardy. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their future.

49.    DOE # 12 is currently pursuing a master's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in the Middle East and are scheduled to earn their master's degree and graduate from an Arizona

college or university next month. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2014 when they arrived in Arizona to begin pursuing their bachelor's degree at a college or university located in the District of Arizona.  Since completing their bachelor's, Plaintiff has been admitted on an F-1 to pursue their master's at a college or university located in the District of Arizona. Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about March 26, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Otherwise failing to maintain status – Student is terminated pursuant to INA Sec. 237(a)(1)(C)(i) and 237(a)(4)(C)(i)." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated.  Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record.  On March 26, 2025, Plaintiff received an email from their embassy notifying them that their visa was revoked. Plaintiff's only criminal history is comprised of minor misdemeanor arrests. Although Plaintiff was charged with the misdemeanors in a court of limited jurisdiction in Maricopa County, Arizona, they were only convicted of one misdemeanor. Neither the dismissed charges nor the single conviction renders Plaintiff inadmissible to or deportable from the United States. Through their F-1 student status, Plaintiff has been

*Complaint for Declaratory and Injunctive Relief*                                                         27

authorized for employment through their school, and they lawfully maintained on-campus employment since 2024. Since Defendants terminated Plaintiff's SEVIS record, their on-campus employment has been terminated. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on education and their future.

50.    DOE # 13 is currently pursuing a master's degree, which is authorized through their F-1 student status, in Maricopa County, Arizona. They are from a country in South Asia and are scheduled to complete their semester next month. They anticipate graduating with their master's in or around 2026. Plaintiff has not engaged in any significant political activity. Plaintiff first came to study in the United States on a student visa in 2024 when they arrived in Arizona to begin pursuing their master's degree at a college or university located in the District of Arizona. Since that time, Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled. On or about April 5, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS record was terminated. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Otherwise failing to maintain status – Individual identified in criminal records check and/or has had their visa revoked." Plaintiff was informed by school officials that they discovered that Plaintiff's SEVIS account was terminated. Accordingly, and upon information and belief, the school itself did not terminate

Plaintiff's SEVIS record. Plaintiff is unaware of the factual basis for the termination of their SEVIS record.  Plaintiff received email notification from their embassy that their visa was revoked on April 8, 2025. Plaintiff's only criminal history is a minor misdemeanor arrest. Although Plaintiff was charged with the misdemeanor in a court of limited jurisdiction in Pima County, Arizona, they were never convicted because the prosecutor dismissed charge. The dismissed misdemeanor charge does not render Plaintiff inadmissible to or deportable from the United States. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their education or future.

51.    As stated above, ICE's en masse SEVIS terminations have created havoc and uncertainty for schools as well. Upon information and belief, Plaintiffs' colleges were not given any advanced warning or further explanation for the termination of Plaintiffs' SEVIS record. Schools are scrambling to respond to these unprecedented actions and determine whether and how they can help their international students.[18]

52.    Intervention by the Court is necessary to remedy Defendants' illegal conduct.

---

[18] *See* Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024, https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system.

*Complaint for Declaratory and Injunctive Relief*                                    29

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Administrative Procedure Act

*(Unauthorized SEVIS Termination)*

53.   Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth herein.

54.   Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

55.   Defendants have no statutory or regulatory authority to terminate Plaintiffs' SEVIS record. This is true even if DOS has revoked Plaintiffs' F-1 visa. Additionally, nothing in Plaintiffs' criminal history or other history provides a basis for termination.

56.   Therefore, Defendant's termination of Plaintiffs' SEVIS record is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

## SECOND CAUSE OF ACTION

### Fifth Amendment

*(Procedural Due Process)*

57.   Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth herein.

58.    Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

59.    Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiffs have a constitutionally protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) (recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

60.    Defendants terminated Plaintiffs' SEVIS records based on improper grounds without prior notice and without providing Plaintiffs with an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS terminations is a violation of due process under the Fifth Amendment.

## **THIRD CAUSE OF ACTION**

### **Administrative Procedure Act**

*(Procedural Due Process)*

61.    Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth herein.

62.    Under § 706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

63.    Defendants terminated Plaintiffs' SEVIS record based on improper grounds without prior notice and without providing Plaintiffs with an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

64.    Accordingly, Defendants' action is contrary to a constitutional right.

## FOURTH CAUSE OF ACTION

**Violation of the Administrative Procedure Act and the *Accardi* Doctrine**

*(Policy of Targeting African, Arab, Middle Eastern, Muslim, and Asian students)*

65.    Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein. The government has adopted a policy of targeting African, Arab, Middle Eastern, Muslim, and Asian students for removal based on their race and national origin. This policy is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C.A. § 706 (2)(A), (B), (C), and violates the *Accardi* doctrine and federal agencies' own rules, *see Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

## FIFTH CAUSE OF ACTION

**Administrative Procedure Act**

*(Arbitrary and Capricious SEVIS Termination)*

66.    Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

67.    Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

68.    Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiffs' SEVIS record in violation of the APA, let alone any rational connection between the facts found and the decision made.

69.    Defendants' action is therefore arbitrary and capricious.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1)    Assume jurisdiction over this matter;

(2)    Declare that the termination of Plaintiffs' SEVIS record was unlawful;

(3)    Vacate and set aside ICE's termination of Plaintiffs' SEVIS record;

(4)    Order that Defendants restore Plaintiffs' SEVIS record and record;

(5)    Enjoin Defendants from taking any enforcement action against Plaintiffs arising directly or indirectly from their misdemeanor conviction, the unlawful termination of their SEVIS, or the potential unlawful revocation of their F-1 visa which may have already occurred;

(6)    Enjoin Defendants from detaining Plaintiffs pending these proceedings;

(7)    Enjoin Defendants from transferring Plaintiffs away from the jurisdiction of this District pending these proceedings;

(8)  Enjoin Defendants from removing Plaintiffs from the United States pending these proceedings;

(9)  Award reasonable costs and attorney fees under the Equal Access to Justice Act (EAJA) and/or any other statute or legal authority that authorizes such an award under the particular circumstances of this case; and

(10) Grant such further relief as the Court deems just and proper.


Dated: April 21, 2025                           Respectfully submitted,

                                                s/ Matthew Green
                                                Matthew Green
                                                Jesse Evans-Schroeder
                                                Ami Hutchinson
                                                Attorneys for Plaintiff