**GREEN EVANS-SCHROEDER, PLLC**
130 West Cushing Street
Tucson, Arizona 85701
Tel.: (520) 639-7288
Fax: (520) 882-8843

Matthew H. Green (AZ Bar No. 020827)
matt@arizonaimmigration.net

Jesse Evans-Schroeder (AZ Bar No. 027434)
jesse@arizonaimmigration.net

Ami Hutchinson (AZ Bar No. 039150)
ami@arizonaimmigration.net

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| Arizona Student DOE #3-13, | Case No. |
| Plaintiff, | _____ |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PROCEED WITH PSEUDONYM AND FOR PROTECTIVE ORDER / ORDER NOT TO DETAIN** |
| Donald J. Trump, in his official capacity, President of the United States of America; | |
| John Cantu, in his official capacity as ICE Enforcement and Removal Operations Phoenix Field Office Director; | **HEARING REQUESTED** |
| Todd M. Lyons, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; and | Request for Declaratory and Injunctive Relief |
| Kristi Noem, in her official capacity, Secretary, U.S. Department of Homeland Security; | |
| Defendants. | |

Motion to Proceed with Pseudonym and for Protective Order;
Points and Authorities in Support of Motion

## NOTICE OF MOTION

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby move this Court for an order granting Plaintiffs' Motion to Proceed with Pseudonym and for a Protective Order/Order Not to Detain. The reasons in support of this Motion are set forth in the accompanying Memorandum of Points and Authorities. This Motion is based on the concurrently filed Complaint for Declaratory and Injunctive Relief Under the Administrative Procedure Act and the Declaratory Judgment Act, as well as the declarations of Plaintiffs and undersigned counsel.

WHEREFORE, Plaintiffs request that the Court enter an order: (1) permitting Plaintiffs to proceed in this action using the pseudonyms Student Doe #3, Student Doe #4, Student Doe #5, Student Doe #6, Student Doe #7, Student Doe #8, Student Doe #9, Student Doe #10, Student Doe #11, Student Doe #12, and Student Doe #13; (2) requiring the Parties to redact or file any information identifying Plaintiffs under seal; (3) preventing Defendants from using information disclosed to them about Plaintiffs' identities or related personal information to be used for any purpose outside of this action; and (4) enjoining Defendants detaining Plaintiffs during the pendency of this action.

Dated: April 21, 2025          Respectfully Submitted,

/s/ Matthew H. Green
Matthew H. Green
Attorney for Plaintiff

Motion to Proceed with Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

1

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ........................................................................................II

**I.    INTRODUCTION** ...........................................................................................1

**II.   BACKGROUND**.............................................................................................3

**III.  ARGUMENT** .................................................................................................4

   **A.  Legal Standard** .......................................................................................4

   **B.  Anonymity and a Protective Order/Order Not to Detain Are Necessary to Preserve Plaintiffs' Right of Access to the Court** ...............................................5

      1.  *The Current Climate*................................................................................5

      2.  *Plaintiffs Have a Right of Access to the Courts Which Would be Undermined by Retaliation and Harassment* ...............................................8

      3.  *Plaintiffs' Reasonable Fear of Harassment and Other Harms by Third Parties Supports Anonymity* .........................................................................9

      4.  *Plaintiffs' Reasonable Fear of Retaliation by the Government Supports Entry of a Protective Order Prohibiting the Detention* .............................9

   **C.  Plaintiffs' Requested Relief Will Not Prejudice Defendants and Is in the Public Interest**........................................................................................11

**IV.   CONCLUSION AND PRAYER FOR RELIEF** .............................................13

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

i

**TABLE OF AUTHORITIES**

**CASES**

*ACLU of Nevada v. Masto*, No. 08-cv-00822-JCM-PAL, 2008 WL 3874263
(Aug. 18, 2008) ..............................................................................................10

*Alvarez v. The Hyatt Regency Long Beach*, No. CV 09-04791-GAF VBKX,
2010 WL 9505289 (C.D. Cal. Sept. 21, 2010) ...........................................10

*Balance Studio, Inc. v. Cybernet Entm't, LLC*, 204 F. Supp. 3d 1098
(N.D. Cal. 2016)..............................................................................................4

*BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516 (2002) ..........................................8

*Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011)...............................8

*Chung v. Trump*, No. 25-cv-2412,  (S.D.N.Y. Mar. 25, 2025) ...........................11

*Doe v. Penzato*, No. CV10-5154 4 MEJ, 2011 WL 1833007
(N.D. Cal. May 13, 2011) ...............................................................................4

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ............................................. 4, 5, 8, 9, 10, 12

*E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003) ........................ 9, 13

*Enters. Int'l, Inc. v. Pasaban*, S.A., No. 3:11-CV-05919-RBL,
2012 WL 5269375 (W.D. Wash. Oct. 24, 2012) .........................................10

*Nader v. Democratic Nat'l Comm.*, 567 F.3d 692 (D.C. Cir. 2009) ..................8

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, No. CV092059CASAGRX,
2009 WL 10698442 (C.D. Cal. Dec. 10, 2009) ...........................................11

*Rivera v. NIBCO Corp.*, 364 F.3d 1057 (9th Cir. 2004) ....................................13

*Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290 (2000)......................................4

*Schroeder v. McDonald*, 55 F.3d 454 (9th Cir. 1995) ........................................8

*U.S. v. Doe*, 655 F.2d 920 (9th Cir. 1981).............................................................4

*Zadvydas v. Davis*, 533 U.S. 678 (2001) ...........................................................12


**STATUTES**

5 U.S.C. § 706, Administrative Procedure Act .................................................... 3

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

ii

**RULES**

Fed. R. Civ. P. 5.2(e).................................................................................................. 9

Fed. R. CIv. P. 26(c).................................................................................................. 5

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. I.................................................................................................. 8

**OTHER AUTHORITIES**

Benjamin Leynse and Avery Wang, *A Pro-Palestinian Activist Lost His Case, but the "Fight From Below" Continues*, THE NATION (Apr. 7, 2025), https://www.thenation.com/article/activism/momodou-taal-palestine-cornell-university-trump-lawsuit/ ............................................................................... 6

Dalia Faheid & Gloria Pazmino, *A PhD Student Was Snatched by Masked Officers in Broad Daylight*, CNN (Mar. 29, 2025), https://www.cnn.com/2025/03/29/us/rumeysa-ozturk-tufts-university-arrest- saturday/index.html ....................................................... 6

Eduardo Medina and Anemona Hartocollis, ICE Agents Detain University of Alabama Doctoral Student, N.Y. TIMES (Mar. 26, 2025), https://www.nytimes.com/2025/03/26/us/ice-detains-doctoral-student-university-alabama.html .......................................................................................................... 7

Eliza Shapiro, *Immigration Authorities Arrest Pro-Palestinian Activist at Columbia*, N.Y. TIMES (Mar. 9, 2025), https://www.nytimes.com/2025/03/09/nyregion/ice-arrests-palestinian-activist-columbia-protests.html ................................................................. 6

Helen Rummel, *International ASU Student Detained After Visa Revoked*, ARIZ. TIMES (Apr. 4, 2025), https://www.azcentral.com/story/news/local/arizona-education/2025/04/04/arizona-state-university-student-detained-after-visa-revocation/82793138007/ ............................................................................... 7

International Student Visas Revoked, INSIDE HIGHER ED, https://www.insidehighered.com/news/global/international-students-.......................... 1

Jaclyn Diaz & Adrian Florido, *Why Is Trump Sending Immigrant University Students to Louisiana and Texas?*, NPR (Apr. 8, 2025), https://www.npr.org/2025/04/08/nx-s1-5351645/ice-detention-louisiana-university- scholars ..................................................... 7

Jaclyn Diaz, *What We Know About the Case of Detained Georgetown Professor Badar Khan Suri*, NPR (Mar. 21, 2025),  https://www.npr.org/2025/03/21/nx-s1-5336173/immigration-georgetown-university-professor ................................................ 7

Kate Selig and Halina Bennet, *The Trump Administration Revoked 800 Student Visas. Here Is What We Know*, N.Y. TIMES (Apr. 11, 2025), ................................................ 7

Kristi Noem, *X* (Mar. 14, 2025, 11:01 a.m.), https://x.com/Sec_Noem/status/1900562928849326488 .............................................. 6

Luis Ferre-Sadurni & Hamed Aleaziz, *How a Columbia Student Fled to Canada After ICE Came Looking for Her*, N.Y. TIMES (Mar. 15, 2025), https://www.nytimes.com/2025/03/15/nyregion/columbia-student-kristi-noem-video.html ................................................................................................................ 6

Madeline Halpert, *Marco Rubio Says US Revoked At Least 300 Foreign Students' Visas*, BBC (Mar. 27, 2025), https://www.bbc.com/news/articles/c75720q9d7lo ................... 7

Michael S. Schmidt, *In Trump's Second Term, Retribution Comes in Many Forms*, N.Y. TIMES (Apr. 7, 2025), https://www.nytimes.com/2025/04/07/us/politics/trump-biden-law-firms- revenge.html ........................................................................................... 5

Stephanie Saul, *A Mysterious Group Says Its Mission Is to Expose Antisemetic Students*, N.Y. TIMES (Apr. 1, 2025), https://www.nytimes.com/2025/04/01/us/israel-gaza-student-protests-canary-mission.html ......................................................................... 7

Tesfaye Negussie and Nadine El-Bawab, *Doxxing Campaign Against Pro-Palestinian College Students Ramps Up*, ABC NEWS (Oct. 20, 2023), https://abcnews.go.com/International/doxxing-campaign-pro-palestinian-college-students-ramps/story?id=104141630 ....................................................................... 8

U*niversity of Minnesota Student Who Was Detained by ICE Sues for Immediate Release*, ASSOC. PRESS (Apr. 2, 2025), https://www.cnn.com/2025/04/02/us/university-of-minnesota- graduate-student-detained-ice-lawsuit/index.html ....................................... 7

## I.   __INTRODUCTION__

Plaintiffs, Arizona Students DOE #3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 ("Plaintiffs"), by and through undersigned counsel, hereby file this motion to proceed with pseudonym and for a protective order requiring the parties to redact or file any information identifying Plaintiffs under seal, preventing Defendants from using information disclosed to them about Plaintiffs' identities or related personal information to be used for any purpose outside of this action, and enjoining Defendants detaining Plaintiffs during the pendency of this action.

Plaintiffs are eleven of over one thousand five hundred international students who have had their Student and Exchange Visitor Information Systems (SEVIS) records abruptly terminated in recent weeks.[1] Plaintiffs bring this motion to ensure that they can proceed to prosecute this action—and other students can likewise feel safe bringing similar actions—free from retaliation, harassment, blacklisting, and other harm. U.S. Immigration and Customs Enforcement's (ICE's) policy of unlawful terminations appears to be designed to coerce students into abandoning their studies or post-graduate training and "self-deport." As part of that policy, ICE has engaged in highly publicized arrests of students who presented no flight risk or danger, whisking them away from their campuses to faraway detention centers without warning based on their exercise of First

---

[1]     *See* International Student Visas Revoked, INSIDE HIGHER ED, https://www.insidehighered.com/news/global/international-students- (last visited Apr. 21, 202) (reporting that, as of April 18, 2025, over 240 colleges and universities have identified 1,550-plus international students and recent graduates who have had their legal status changed by the State Department).

Amendment rights. The terminations have also taken place against the backdrop of numerous threats issued to universities to cut off billions of dollars of federal funding and retribution against others who have dared to criticize or go against the administration. Plaintiffs reasonably fears that Defendants will detain them in retaliation for filing this lawsuit. Given the high profile and political nature of the administration's visa revocations and actions against noncitizen students, Plaintiffs also reasonably fears harassment and blacklisting by third parties were the public to learn of Plaintiffs' identities.

This is an extraordinary moment in U.S. history, one that warrants a commensurate response from the courts. Nevertheless, the relief Plaintiffs seek through this motion is relatively modest and well within the scope of measures that the Court has authority to take to protect litigants and manage proceedings. Specifically, Plaintiffs request leave to proceed with the pseudonyms Arizona Student Doe #3, Arizona Student Doe #4, Arizona Student Doe #5, Arizona Student Doe #6, Arizona Student Doe #7, Arizona Student Doe #8, Arizona Student Doe #9, Arizona Student Doe #10, Arizona Student Doe #11, Arizona Student Doe #12, and Arizona Student Doe #13 in this action and an order that any Party filing materials with information identifying Plaintiffs redact or file such materials under seal. Additionally, Plaintiffs request an order preventing Defendants from using information disclosed to them about Plaintiffs for any purpose outside of this action and an order specifically prohibiting Defendants from detaining Plaintiffs.

These actions are necessary for Plaintiffs to be able to swiftly move forward with

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

2

the case and they appropriately balance the need for anonymity and the interests of Defendants and the public. Accordingly, Plaintiffs respectfully requests that the Court enter the proposed order lodged concurrently with this Motion.

## II.    BACKGROUND

Plaintiffs are international students who were approved to attend an Arizona college or university. Exhibit 1 (Declarations of Plaintiffs). Plaintiffs brought the instant lawsuit after receiving notification from their college or university that their SEVIS record had suddenly been terminated. *Id*. In all cases, the termination was not initiated by the school, but by ICE's Student and Exchange Visitor Program (SEVP). Plaintiffs alleged that Defendants' termination of their SEVIS record was without statutory or regulatory authority, violated their due process rights, and was arbitrary and capricious, and thus subject to review under the Administrative Procedure Act (APA). (Complaint, ¶¶ 54-56, 62-64, 65, 67-69.) Plaintiffs also brought a claim of violation of due process under the Fifth Amendment to the U.S. Constitution. (*Id*., ¶¶ 58-60.)

Since Plaintiffs received notification of the termination of their SEVIS records, they have been experiencing high levels of stress and anxiety. Plaintiffs feel that the government is attempting to coerce Plaintiffs to abandon their studies and "self-deport" even though Plaintiffs have not done anything to violate their status. Exhibit 1. Plaintiffs have only minor, misdemeanor criminal history. Plaintiffs Doe #3, 4, 5, 6, 7, 8, 10, and 13 do not have convictions. Plaintiffs Doe #9, 11, and 12 do have convictions, but those convictions do not make them inadmissible or deportable under the INA.

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

3

Plaintiffs have not engaged in any significant political activity. (Complaint, ¶¶ 40-50). *See also* Exhibit 1 (Declarations). The government has not placed Plaintiffs in proceedings or as of yet elected to detain Plaintiffs. (*Id.*) Plaintiffs do not want to "self-deport" and instead want to fight to continue their studies and/or employment. (Exhibit 1). However, Plaintiffs have been following the news and are terrified of being detained by Defendants in retaliation for having filed this lawsuit. (*Id.*) Plaintiffs are also fearful of harassment and blacklisting by third parties. (*Id.*)

## III.    ARGUMENT

### A. Legal Standard

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires that a complaint include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). Parties to litigation may proceed using a pseudonym with leave of the court. *See, e.g.*, *U.S. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) ("Where it is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment, courts have permitted the use of pseudonyms."); *Balance Studio, Inc. v. Cybernet Entm't, LLC*, 204 F. Supp. 3d 1098, 1100–01 (N.D. Cal. 2016); *Doe v. Penzato*, No. CV10-5154 4 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011); *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court permitted plaintiffs "to litigate anonymously to protect them from intimidation or harassment").

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

4

In this Circuit, courts analyze a request to proceed under a pseudonym or anonymously by analyzing whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. Relevant factors include "(1) the severity of the threatened harm . . . (2) the reasonableness of the anonymous party's fears . . . and (3) the anonymous party's vulnerability to such retaliation." *Id*. *Advanced Textile* also recognizes that where anonymity is warranted, a court may also issue protective orders to govern the terms of disclosure and use of information about a party's identity pursuant to its inherent powers to manage court proceedings and Federal Rule of Civil Procedure 26(c). 214 F.3d at 1069.

**B. Anonymity and a Protective Order/Order Not to Detain Are Necessary to Preserve Plaintiffs' Right of Access to the Court**

### 1. *The Current Climate*

One of the hallmarks of this administration—just three months into the second Trump presidency—has been a willingness to exact revenge on the government's foes and perceived foes.[2] Whether it is former government officials, law firms, educational institutions, or others, the administration has not hesitated to use its vast power to compel allegiance or make life difficult for those who are seen as disloyal.

With respect to noncitizen students, the hammer has come down particularly hard. For example, on March 5, 2025, the government informed a graduate student and Fulbright recipient at Columbia University who had participated in protests last year,

---

[2]     *See* Michael S. Schmidt, *In Trump's Second Term, Retribution Comes in Many Forms*, N.Y. TIMES (Apr. 7, 2025), https://www.nytimes.com/2025/04/07/us/politics/trump-biden-law-firms- revenge.html.

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

Ranjani Srinivasan, that her student visa had been revoked.[3] They began searching for her, eventually raiding her apartment. Fearing for her safety, she left the United States. Secretary of Homeland Security Kristi Noem then posted on X, "I'm glad to see one of the Columbia University terrorist sympathizers use the CBP Home app to self deport."[4] On March 21, 2025, Momodou Taal, a student at Cornell University who had filed a lawsuit challenging the administration's crackdown, was asked to surrender to immigration authorities.[5] He eventually self- deported. On March 25, 2025, six plainclothes federal officers ambushed Rümeysa Öztürk, a graduate student at Tufts University, outside her home, apparently for co-authoring an op-ed.[6] At the time, she was not aware that her visa had been revoked.

Additional arrests in recent weeks have taken place in New York, Washington D.C., Alabama, Minnesota, and Arizona.[7] Secretary of State Marco Rubio called the

[3]    Luis Ferre-Sadurni & Hamed Aleaziz, *How a Columbia Student Fled to Canada After ICE Came Looking for Her*, N.Y. TIMES (Mar. 15, 2025), https://www.nytimes.com/2025/03/15/nyregion/columbia-student-kristi-noem- video.html

[4]    Kristi Noem, *X* (Mar. 14, 2025, 11:01 a.m.), https://x.com/Sec_Noem/status/1900562928849326488

[5]    Benjamin Leynse and Avery Wang, *A Pro-Palestinian Activist Lost His Case, but the "Fight From Below" Continues*, THE NATION (Apr. 7, 2025), https://www.thenation.com/article/activism/momodou-taal-palestine-cornell-university-trump-lawsuit/

[6]    Dalia Faheid & Gloria Pazmino, *A PhD Student Was Snatched by Masked Officers in Broad Daylight*, CNN (Mar. 29, 2025), https://www.cnn.com/2025/03/29/us/rumeysa-ozturk-tufts-university-arrest- saturday/index.html

[7]    Eliza Shapiro, *Immigration Authorities Arrest Pro-Palestinian Activist at Columbia*, N.Y. TIMES (Mar. 9, 2025), https://www.nytimes.com/2025/03/09/nyregion/ice-arrests-palestinian-activist-columbia-protests.html (arrest of Mahmoud Khalil); Jaclyn Diaz, *What We Know About the Case of Detained Georgetown Professor Badar Khan Suri*, NPR (Mar. 21, 2025),

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

6

international students "lunatics."[8] A number of the students have been quickly moved across state lines to detention facilities in Louisiana or Texas.[9]

The government's targeting of students has expanded far beyond just those who have been vocal about Palestine.[10]  In the vast majority of cases, immigration officials have not provided reasons for the visa revocations and terminations.[11] The actions by ICE have been accompanied, or have sometimes been preceded, by harassment or doxxing of students by right-wing groups.[12]

---

[8] https://www.npr.org/2025/03/21/nx-s1-5336173/immigration-georgetown-university-professor (arrest of postdoctoral fellow Badar Khan Suri); Eduardo Medina and Anemona Hartocollis, ICE Agents Detain University of Alabama Doctoral Student, N.Y. TIMES (Mar. 26, 2025), https://www.nytimes.com/2025/03/26/us/ice-detains-doctoral-student-university- alabama.html (arrest of doctoral student at U of Alabama); *University of Minnesota Student Who Was Detained by ICE Sues for Immediate Release*, ASSOC. PRESS (Apr. 2, 2025), https://www.cnn.com/2025/04/02/us/university-of-minnesota-graduate-student-detained-ice-lawsuit/index.html (arrest of Doğukan Günaydın); Helen Rummel, *International ASU Student Detained After Visa Revoked*, ARIZ. TIMES (Apr. 4, 2025), https://www.azcentral.com/story/news/local/arizona-education/2025/04/04/arizona-state-university-student-detained-after-visa-revocation/82793138007/ (arrest of student at ASU).

[8] Madeline Halpert, *Marco Rubio Says US Revoked At Least 300 Foreign Students' Visas*, BBC (Mar. 27, 2025), https://www.bbc.com/news/articles/c75720q9d7lo

[9] Jaclyn Diaz & Adrian Florido, *Why Is Trump Sending Immigrant University Students to Louisiana and Texas?*, NPR (Apr. 8, 2025), https://www.npr.org/2025/04/08/nx-s1-5351645/ice-detention-louisiana-university-scholars

[10] Kate Selig and Halina Bennet, *The Trump Administration Revoked 800 Student Visas. Here Is What We Know*, N.Y. TIMES (Apr. 11, 2025), https://www.nytimes.com/2025/03/27/us/students-trump-ice-detention.html

[11] While minor criminal history or police contact is suspected in all Plaintiffs' cases, that still is not a basis for termination of a student's SEVIS record or status. (*See* Complaint, ¶¶ 40-50).

[12] Stephanie Saul, *A Mysterious Group Says Its Mission Is to Expose Antisemetic Students*, N.Y. TIMES (Apr. 1, 2025), https://www.nytimes.com/2025/04/01/us/israel-gaza-student-protests-canary-mission.html; Tesfaye Negussie and Nadine El-Bawab,

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

2.    *Plaintiffs Have a Right of Access to the Courts Which Would be Undermined by Retaliation and Harassment*

Plaintiffs have an inalienable right to "petition the government for a redress of grievances." U.S. Const. amend. I. The Supreme Court has recognized this right "as one of the most precious of the liberties safeguarded by the Bill of Rights[.]" *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 524-25 (2002) (internal citation omitted). The Court has repeatedly held that the right of access to the courts can implicate "the protections of the Petition Clause." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011).

Retaliation against lawful petitioning would undermine the integrity of the right and itself run afoul of the Petition Clause. *Borough of Duryea*, 564 U.S. at 387 (holding that retaliation by government employee can violate the Petition clause); *see also Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 696 (D.C. Cir. 2009) ("[W]hen a person petitions the government for redress, the First Amendment prohibits any sanction on that action . . . so long as the petition was in good faith."); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) (holding that the government cannot transfer a prisoner from one correctional institution to another in order to punish the prisoner for exercising his First Amendment right to pursue litigation). Here, protective measures are necessary to preserve the right of access to the courts. *Cf. Advanced Textile*, 214 F.3d at 1073 (recognizing that fear of employer reprisals "will frequently chill employees' willingness

*Doxxing Campaign Against Pro-Palestinian College Students Ramps Up*, ABC NEWS (Oct. 20, 2023), https://abcnews.go.com/International/doxxing-campaign-pro-palestinian-college-students-ramps/story?id=104141630

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

8

to challenge employers' violations of their rights").

### 3. *Plaintiffs' Reasonable Fear of Harassment and Other Harms by Third Parties Supports Anonymity*

As noted above, due to the controversial political nature of student visa revocations, Plaintiffs fear possible harassment and blacklisting by third parties if they were to be identified as a student whose SEVIS record was terminated and sued the government. (Student Doe #2 Decl., ¶¶ 11-12.) Such threatened harm would be severe, and Plaintiffs' fears are reasonable. This is enough to demonstrate a need for anonymity. *See Advanced Textile*, 214 F.3d at 1068. Moreover, "where the plaintiff attacks governmental activity," the case for proceeding anonymously is particularly strong. *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). This is because, in such circumstances, the plaintiff "presumably represents a minority interest (and may be subject to stigmatization)[.]" *Id.*

In connection with permitting Plaintiffs to proceed anonymously in the action, the Court has the power to require that any Party filing materials containing information about Plaintiffs' identities redact or file such information under seal. Fed. R. Civ. P. 5.2(e). Such an order would be common sense here.

### 4. *Plaintiffs' Reasonable Fear of Retaliation by the Government Supports Entry of a Protective Order Prohibiting the Detention*

Plaintiffs recognize the need to eventually provide the government with information about their identity to permit the government to litigate the case, however, due to the very real risk of retaliation by the government, Plaintiffs are unable to do so without any protection. Accordingly, Plaintiffs asks that the Court enter an order

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

9

governing the use of any information Plaintiffs disclose and an order enjoining Defendants from detaining Plaintiffs while the lawsuit is pending. *See Advanced Textile*, 214 F.3d at 1069 ("In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings . . . and to issue protective orders limiting disclosure of the party's name . . . to preserve the party's anonymity to the greatest extent possible").

Plaintiffs' request that the Court enter a protective order limiting the sharing by Defendants' counsel of any information about Plaintiffs' identity or related personal information and restricting its use for any purpose outside of this action is reasonable and routine. Courts have also imposed similar terms in protective orders governing information about plaintiffs' identity or litigation materials. *See, e.g.*, *ACLU of Nevada v. Masto*, No. 08-cv-00822-JCM-PAL, 2008 WL 3874263, at *6 (Aug. 18, 2008) (permitting Doe plaintiffs to proceed under pseudonym, requiring counsel for plaintiffs to disclose the identities of plaintiffs to defendants' counsel, and entering a temporary protective order precluding defendants from disclosing the identities or using the information for any purpose outside the litigation); *Enters. Int'l, Inc. v. Pasaban*, S.A., No. 3:11-CV-05919-RBL, 2012 WL 5269375, at *2 (W.D. Wash. Oct. 24, 2012) (granting protective order restricting disclosure and use of information); *Alvarez v. The Hyatt Regency Long Beach*, No. CV 09-04791-GAF VBKX, 2010 WL 9505289, at *3 (C.D. Cal. Sept. 21, 2010) (granting motion to compel with conditions restricting disclosure and use of information); *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, No.

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

10

CV092059CASAGRX, 2009 WL 10698442, at \*4 (C.D. Cal. Dec. 10, 2009) (similar with respect to motion to compel deposition testimony).

Plaintiffs' request for an order prohibiting detention during the pendency of this action, or until further of the Court, is likewise reasonable under the circumstances. Plaintiffs have never experienced civil immigration detention before and the prospect of detention as a response to Plaintiffs' participation in this suit is deeply frightening. Exhibit 1 (Plaintiffs' Declarations). A detention following the filing of this suit would not only chill Plaintiffs' willingness to go forward (in addition to dramatically impacting Plaintiffs' practical ability to proceed in this case), but undoubtedly dissuade numerous other international students from vindicating their rights too. Indeed, courts across the country have enjoined the detention of students, including one high profile case wherein federal authorities made clear their intention to apprehend an international on the basis of her political speech. Temporary Restraining Order, *Chung v. Trump*, No. 25-cv-2412 (S.D.N.Y. Mar. 25, 2025)).

### C. Plaintiffs' Requested Relief Will Not Prejudice Defendants and Is in the Public Interest

Granting Plaintiffs' requested relief will not prejudice Defendants. First, Plaintiffs' counsel intends to provide Defendants' counsel with information about Plaintiffs' identity as soon as a protective order/order not to detain can be entered. Second, the case will ultimately have little to do with the details of Plaintiffs' individual situations. The lawsuit challenges the legality of Defendants' new policy of SEVIS terminations based on visa revocations and/or minor criminal history or police contact

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

11

with respect to a large (and growing) group of international students around the country. There are only very specific grounds on which ICE can terminate a SEVIS record. (Complaint, ¶¶ 34-38.) All that the Court will need to determine is whether Plaintiffs fall into the class of international students impacted by Defendants' new policy or whether, on the other hand, any of the specific authorized grounds to terminate apply. That depends on a discrete set of facts, few if any of which are likely to be disputed. Plaintiffs do not challenge revocation of their visa in this action. (*Id.*, ¶ 9.)

Further, detention of Plaintiffs would serve no legitimate purpose. It has been weeks since Plaintiffs' SEVIS records were terminated and, absent any information that it is Plaintiffs who have filed this lawsuit, the government has made no indication that it independently want to take Plaintiffs into custody. *See* Exhibit 1 (Declarations). Indeed, the government would have no reason to take Plaintiffs into custody. Plaintiffs are college and university students who poses no flight risk or danger. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (finding immigration detention must further twin goals of (1) ensuring noncitizen's appearance during removal proceedings and (2) preventing danger to the community).

Finally, given the circumstances here, anonymity and protection from retaliation *serves* rather than detracts from the public interest. While the public has an interest in access to court proceedings, the individual identity of Plaintiffs is not necessary to facilitate the public's understanding of judicial decision-making or "public scrutiny of the important issues in this case." *Advanced Textile*, 214 F.3d 1072. Moreover, the "public . . . has an interest in seeing this case decided on the merits." *Id.* at 1073; *see also*

Points and Authorities | Motion to Proceed Under Pseudonym and for Protective Order
*Arizona Student DOE #3 et al.  v. Trump et al.*

12

*N.Y. Blood. Ctr.*, 213 F.R.D. at 111 (where plaintiff challenges a governmental policy or statute "there is arguably a public interest in a vindication of his rights"). Advancing that public interest includes meaningful protection from retaliation. *See Rivera v. NIBCO Corp.*, 364 F.3d 1057, 1064, 1066 (9th Cir. 2004) (granting protective order in recognition of the "harsh[] reality" that defendants had incentive to subject plaintiffs to enforcement action notwithstanding "promise[s] not to [retaliate]" and that unrestricted discovery would "unacceptably burden[] the public interest").

## IV.    CONCLUSION AND PRAYER FOR RELIEF

For all the above reasons, Plaintiffs request that the court enter the proposed form of order.

Dated: April 21, 2025                              Respectfully submitted,


                                                  s/ Matthew Green
                                                  Matthew Green
                                                  Jesse Evans-Schroeder
                                                  Ami Hutchinson
                                                  Attorneys for Plaintiff