TIMOTHY COURCHAINE
United States Attorney
District of Arizona
J. COLE HERNANDEZ
Assistant U.S. Attorney
Arizona State Bar No. 018802
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Fax: (520) 620-7149
E-Mail: cole.hernandez@usdoj.gov
        denise.faulk@usdoj.gov
*Attorneys for the United States*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Student Does #3-13, | **CV-25-00183-TUC-JGZ** |
| Plaintiffs, | **RESPONSE TO PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER/ ORDER NOT TO DETAIN** |
| v. | |
| Donald J. Trump, et al, | |
| Defendants. | |

The United States of America, specially appearing through undersigned counsel on behalf the named Defendants in their official capacities, hereby responds in opposition to Plaintiffs' Motion to Proceed Under Pseudonym and Request for Protective Order.[1] (Doc. 4.) This response is supported by the following Memorandum of Points and Authorities and all matters of record.

## Memorandum of Points and Authorities

In their Motion, Plaintiffs allege Plaintiffs 3-13 are international students attending Arizona colleges or universities who have had their Student and Exchange

---

[1] In its Order dated April 25, 2025, this Court issued a protective order and placed limitations on the disclosure of the identities of Plaintiffs and further ruled that the information may not be used for any purpose outside the litigation, including enforcement and removal. (Doc 8 at 9-11.) For this reason, the United States will not respond to that part of the Motion to Proceed Under Pseudonym and for Protective Order/Order Not to Detain and the response will be to the arguments in the Motion requesting Plaintiffs be allowed to proceed under Pseudonyms. Should this Court deny Plaintiffs' Motion, the United States requests the Protective Order be lifted.

Visitor Information Systems (SEVIS) records terminated. (Doc. 4 at 7-9.) Plaintiffs further allege that this was done without statutory or regulatory authority, was arbitrary and capricious, violated their due process rights and is subject to review under the Administrative Procedures Act (APA). (Doc. 4 at 9). Plaintiffs further seek an Order from this Court allowing each of the eleven (11) Plaintiffs to proceed under a pseudonym and for a protective order placing limitations on the disclosure and use of their names once their names are provided to the United States. (Doc. 4.)

As explained below, Plaintiffs' Motion to Proceed under Pseudonym (Doc. 4) should be denied because Plaintiffs have failed meet their burden. The importance of having open courts and the United States' need for information to defend itself outweighs Plaintiffs' alleged fear of retaliation derived primarily from inadmissible news articles and descriptions of events that are not substantially similar to the current case.

**I.      Background**

The eleven Plaintiffs allege that each has a "minor misdemeanor criminal history." (Doc. 4 at 9.) Plaintiffs further allege Does 3-8, 10 and 13 do not have convictions and Does 9, 11 and 12 have convictions that do not make them inadmissible or deportable. (Doc. 4 at 9.)   Plaintiffs allege that anonymity is necessary to prevent the Plaintiffs from harassment, retaliation and other harms which will limit their access to the Court and their ability to prosecute their claims. (Doc. 4.)

In support of the Motion to proceed under a Pseudonym, Plaintiffs rely primarily on multiple news articles that are immaterial to the allegations in their Motion. Many of the articles cited by Plaintiffs reflect events related to pro-Palestinian activists or significant political protest activities. (Doc. 4 at 11-13.) Unlike the incidents described in the articles, the eleven Plaintiffs in this case affirmatively state that they have not "engaged in any significant political activity" and do not allege any political activity has impacted their SEVIS records. (Doc. 4 at 10.) Plaintiffs also recognize that the government has not placed Plaintiffs in proceedings or elected to detain Plaintiffs. (Doc.

4 at 10.)  Thus, the articles Plaintiffs reference do not involve the same set of circumstances.

Similarly, Plaintiffs' allegations regarding possible harassment or doxing by right wing groups exposing antisemitic or pro-Palestinian students (Doc. 4 at 13-14) are irrelevant to the facts of this action because, as Plaintiffs noted, they have not engaged in any significant political activity.  Plaintiffs also assert that, due to the "controversial political nature of the visa revocations," Plaintiff's fear "possible harassment and blacklisting by third parties if they were identified as a student whose SEVIS record was terminated and sued the government."  (Doc. 4 at 15.)  Plaintiffs admit they are not challenging the revocations of their visas in this action, yet they assert their fear is based on the controversial nature of visa revocations.  (Doc. 4 at 19.)

The focus in this litigation should be the termination of the SEVIS records and specifically the circumstances and facts surrounding the eleven Plaintiffs, not dozens of other situations involving students in other parts of the country.  As noted in the declaration of Andre Watson (Doc. 11), the SEVIS records for all eleven Plaintiffs were active as of April 24, 26, or 27, 2025.  Again, Plaintiffs affirmatively state they are not challenging the revocations of their visas in this action.

**II.     Controlling Legal Standard.**

Fed. R. Civ. P. 10(a) states that "[t]he title of the complaint must name all the parties." This rule embodies the presumption of openness in judicial proceedings. *See Gannett Co. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979).  The use of a fictitious name in litigation "runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978), *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990).

In the Ninth Circuit, "the common law rights of access to the courts and judicial records are not taken lightly." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th

Cir. 2006) (cleaned up).  Thus, parties may only use pseudonyms in the "unusual case," when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1067-68.

Where, as here, the use of a pseudonym is sought to protect from alleged retaliation, the district court should determine the need for anonymity under the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party, and (5) the public interest.  *Id.* at 1068; *see also Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). The Court has discretion to permit anonymity only if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.*  Thus, the Court should "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice."  *Id.*

**III.    Plaintiffs Have Not Satisfied Their Burden To Proceed Anonymously.**

Plaintiffs should not be allowed to proceed anonymously because they have not demonstrated specific threatened harms or the severity of the harms related to their inability to proceed anonymously.  In the declarations submitted by Plaintiffs (Doc. 2-2) they describe alleged educational, economic and emotional harms, but those allegedly are related to the termination of the SEVIS records *and* revocations of the visas (which Plaintiffs are not challenging in this litigation).  For this reason, it is difficult to determine the reasonableness of the Plaintiffs' fears or their potential vulnerability to retaliation. Plaintiff's non-specific fears of being identified do not outweigh the prejudice to the United States' inability to fully investigate Plaintiffs' claims and alleged harms, which may involve contacting university or college representatives, employers and others who may have relevant information necessary to this litigation.  Finally, the public interest in

4

having open courts and enabling the public to have a full understanding of what is occurring in these cases is especially strong when it involves allegations against the government and actions against individuals.

**IV.    Conclusion.**

Based on the foregoing, the Plaintiffs have not satisfied their burden to proceed anonymously, and the United States respectfully requests that this Court deny Plaintiffs' Motion to Proceed Under a Pseudonym (Doc. 4).

RESPECTFULLY SUBMITTED:  May 1, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona


*s/ J. Cole Hernandez*
J. COLE HERNANDEZ
DENISE ANN FAULK
Assistant U.S. Attorneys
*Attorneys for United States*